case number three, 18 0548 test Jones by Andrew Cassidy vs. William Steck and George Steck at the leadership of John Robertson, Mr. Cassidy. Mr. Regent Gordon, Madam Clerk, my name is Drew Cassidy, I represent the appellant, Mr. Jones. The issue that brings us here today is one of statutory construction, specifically it's 11-1427G of the Motor Vehicle Code which paraphrasing provides that an owner, lessee, or occupant of premises owes no duty of care for entry or use by others for use by an off-ramp vehicle or to give warning of any condition. Now the second paragraph of the section says, nothing in this section limits in any way the liability of an otherwise existent willful or malicious offender to guard, provide, or convey any condition. Now the facts to which we must apply this case involve the Steck family who owns a lot of land in Henderson County around the area that this occurred. Their residences, they own a number of farm parcels, and they own the levy upon which the accident occurred. On March 13th of 2015, Maria Steck, the 19-year-old daughter of Bill Steck, went out on an ATV owned by George Steck with the plaintiff as a passenger. They left the Steck residence, crossed the street, and passed down this path that had been created to drive across parcels of farmland owned by the Stecks. They then cross a road and get on another private road which runs between two farm parcels owned by the Stecks, which then leads to the entrance to this levy. Maria Steck turns up the levy, and as she drives down it encounters a breach which occurred when it had washed out the prior summer, causing the ATV to drive into the breach and cause the injury. The trial court held that Section 1427G applied and created immunity because the injuries arose from ATV use. We respectfully submit the trial court error. As construed by the trial court, the statute would be in derogation of the common law, so we submit it must be strictly construed, and it must be strictly construed to effect the least change in the common law. Here, Section 1114.27 as a whole is part of the Motor Vehicle Code, which is entitled, Illegal Operation of an All-Train Vehicle or Off-Road Motorcycle. The opening sentence of the statute is, it is unlawful for any person to operate any all-train vehicle in the following ways. And then it proceeds to enumerate ten different means of operating an ATV or off-road motorcycle, which is considered illegal. Now right in the middle of this enumeration is Subsection G, which provides that, which is, I'm sorry, is Subsection G which creates this so-called immunity for use by others. Now we submit when read in the context of the entirety of the statute, which I respectfully submit this court must, it must be construed as applying only to illegal use. In other words, there's no duty of care to trespass people who enter upon the land on their ATVs who are riding around out there. Now I think there's several things that support this interpretation. Number one, Section 1114.27 was passed in 1990. Eight years later the legislature amended the statute to include, among other things, the opening sentence, which is the same as the title, Illegal Operation of an ATV. The only explanation for such a minor legislative change must be that the legislature felt the need to clarify what the scope and purpose of the entirety of the statute was. It deals with illegal operation. Number two, the second paragraph of Subsection G goes on to clarify that it should not be interpreted to limit liability for willful or malicious conduct by the owner. This is the standard for liability of the common law against trespassers. I would submit there's no need for the legislature to clarify that common law duty of the trespassers in the statute unless there was some concern that the first part of 1427G might be construed as precluding all liability. Were there no trespassing signs posted? No, there was not. So how are they trespassers? I'm suggesting they weren't trespassers and that's why 1114.27G does not apply. And certainly, as I will get to shortly, Maria Steck, being the daughter of one of the owners, would not be a trespasser. And then finally, I would submit that the fact that the legislature drafted this community to apply to use by others would again suggest people who don't have a right to be on the property. Now, that's the Allendorf versus Redford case that recited. In that case, they recognized that 1427G did not provide a blanket immunity for injuries arising from ATV use. There, the injured person was a resident employee of the farm who was operating the ATV. The trial court, in reversing a 2619 dismissal, relied upon an allegation in the complaint that said he had a right to be on the premises. And held, based on that allegation, that he was not an other, and therefore, the statute didn't apply. It only applied to… He was a paid employee, though, and there is an exception for consideration. That is correct, Your Honor. And that was a secondary factor in the second difference decision. But it basically held it doesn't apply to him as an other because he had a right to be on the property. Then went on to say also, because he was an employee, it could be considered that he was there for consideration. So, we would submit that there is just no way to construe subsection G in the context of the entirety of the statute and reconcile it with all the other provisions of the statute, other than to suggest that this immunity applies to somebody who is illegally operating. And in this context, that would be a trespasser. I would submit subsection F, right ahead of it, talks about illegally operating on someone else's private property. They're trespassers. We leave that all fixed. Now, secondarily, Your Honors, even if subsection G is to be read in isolation, we believe that the Allendorf v. Redfern case applies, and there would be no application of this statute in this particular case. Maria Stett is not an other as used in the statute and as determined in the Allendorf case.  Pardon me? Is she an occupant of the property? No, she lived with her father on the residential property across the farmland, which is why I went through the facts of how they got to where they were. So, there are no residents in this area. It is 11, but she's the daughter of the owner. She's operating ATV owned by her uncle, George, the other defendant, and her own testimony is that she chose to drive on the levee that night because I knew he owned it. Defendants argue that Maria Stett should be considered an other because, Your Honor, she never resided on the levee, because nobody did, and she wasn't on the title. I would note that at no point do defendants, however, argue or contend that she had no right to be on that levee or that she was a trespasser. They simply go for this technicality of, oh, she's not on the title. Well, an example, Your Honor, I own a piece of land outside Peoria that has a lake on it, a small man-made lake, and my kids use it for fishing, swimming, having people over there. They've never resided on it because there's no structures on it. I would submit to you when they're there on that property, they're not others. They're members of the family who own the land, and they have every right to be there, and I would submit that's the same situation here, and Maria Stett should not be considered an other. Now, perhaps recognizing... What about Tess's relationship to Maria? How is that? Tess had no right. She was a friend, but Tess was not operating the ATV. She was a passenger on the ATV. But she was an other that entered the property. That's correct, and that is an argument that the defendant makes here. I'm trying to get the connection. Does that friendship or whatever relationship affect your otherness? I don't believe it does, but I don't believe that immunity would apply to her as a passenger. Operation by plaintiff, had she been operating with Maria as a passenger, I would submit to you that the immunity would apply. She's an other who drove the ATV onto the living room. If there was an operation by any other person with a passenger, then the immunity applies. But operation by Maria Stett, the family, members of the family who own the property, cannot be considered an other. And the example I can give on this is, when we put it on our reply brief, that he's an other. Look at the Allendorf case. If in Allendorf, this resident employee who's operating the ATV in the court found to not have immunity, if he had a passenger on his ATV when that accident occurred who was injured, he would have the ludicrous result that the operator of the ATV would not be subject to the immunity, but the passenger would be, because that is an other. That's not an appropriate outcome. Even defendant takes that position in their brief before this court, that you can't apply the statute differently to different people on the ATV. So if it doesn't apply to the operator, it just doesn't apply at all. Do you think it matters at all the purpose that they were there? Like in Allendorf, it's an employee, and he's there for a purpose of work, and he's paid consideration. Here, while this young lady is the child of an owner of the property, it isn't their home. It is their business property. Does that make a difference? I believe it makes a difference, if you read Allendorf, to the second basis of the court's opinion, which was an employee might be considered to be operating for consideration. But the decision in Allendorf, the primary decision, was based upon the allegation that he had a right to be on the property, and that stands alone. So I would submit that it does not under that authority. So if it's a child of a, let's say it was a gas station, if one of the owner's children is on that property after hours, is that a permissive situation just because they have a blood relationship to one of the owners? Well, I think each situation has to be taken in itself, and with respect to that, I mean, a little more. I understand. But in this case, we have a levy that clearly includes the evidence, is indicated for vehicular traffic, and we have the daughter who's out on ATVs, because I know we owned it. We went out there because it's a neat place to watch the moon and stars, something that clearly the evidence would suggest she would have done before. I simply do not believe under this situation that she can be considered an other under the statute. So I would respectfully submit that the trial court erred in applying the immunity of 1427G to the unique circumstances of this case. I would ask that we have a summary judgment. Before you wrap up. Sure. Can you distinguish the snowmobile cases? I'm sorry, Your Honor. Can you distinguish the snowmobile cases? Yes. The only way I would distinguish the Snowmobile Act, Your Honor, which does have similar language, is that nobody has addressed this issue. No court has addressed this issue. In any decision that's been cited under the Snowmobile Act, it has never been raised to try to construe this section and reconcile it with all of the other sections of the same statute. So I distinguish on that basis that the issue has never been raised, nor has anybody ever raised the same issue under the Snowmobile Act that was raised in Alamore, that it must be an other. So I don't think there's any guidance whatsoever from the Snowmobile Act for the issue that's before you today. I have another question as a follow-up. You're arguing that Marie is an occupant. Does she have a duty to keep the premises safe? I do not believe so, Your Honor. No more than my children have a duty to keep my residential property safe. And that is an argument made by the defendant, which I believe is Paul. There's certainly no analysis in Allendorf that the plaintiff in that case had any duty to maintain the property. And we must assume probably as an employee, he did not. So it didn't come down to – I think the argument that was being made by the defendant was, since it's saying there is no duty to others, it's going to apply to anybody who doesn't have a – it would apply to anybody who otherwise had a duty. And I think that's too narrow of an application for 1427G. So I don't think that applies. Does Marie expect as a 19-year-old daughter not to have a duty to maintain any of the properties? The words that keep resonating in my mind is permission by payment. Permission by payment. And I think of examples – I also live in a rural area where the kids – we have a park where they pay to enter motocross races, and they travel over different farms. That situation is permission by payment. And then there's other situations. You know, snowmobiles have these tracks or routes. You see the little signs. Same for the kids in my area. They will drive across farm property with permission but no payment. So you're saying in the first circumstance, no premises liability. And in the second, where they have not made payment but do have permission, there is a responsibility for premises liability. Well, I think that there's – I refer to this as the unique circumstance in this case. It's not just the person who has passed or even expressed permission to write a – it is a member of the family. So when we're construing the term other, I think that similar to the right to be other, it cannot be applied to the daughter of the landowner. All right. I appreciate your argument. Thank you for answering that question. I request that Senator Keefer. Thank you very much, Mr. Cassidy. Mr. Robertson. May it please the Court, Counsel. I hate being the athlete. Well, yes. I always feel he says something I need to respond to immediately, and then I cause other trouble. The Steck family, if you read the records carefully, is four children, a mother, a family trust, and 2,000 acres. So it is not the domicile or residence of Maria Steck. It's the family business. Counsel argues that the duty of care for ATB operation extends to all non-trespassers. I'll come back to that, but I just want you to understand. The duty of willful and wanton, to refrain from willful and wantonness whatsoever, to trespassers under the common law. So if he's right, the act means nothing. Third, subparagraph G applies to users. That's the term that's used in subparagraph G. All the other paragraphs refer to, quote, operators. And as we point out in our brief, they're not the same term. Users would encompass anyone who's utilized the vehicle, whether as a passenger or as an operator. And finally, the word other. Some of these things you've touched on in your questions. I believe when you read the statute carefully, other refers to people other than those who are in control of the property. That's what others means in the context. Now, the other reason I hate paying the appellee is we get a reply brief, and every now and then something's raised in the reply brief that we didn't respond to in our original brief. And counsel's alluded to it, and so with the court's permission, I'll just leave these with the clerk. Public Act 9287, which put in the language regarding the exceptions to the non-duty, if I can put it that way. It's very interesting. The title of the act is Recreational Trails of Illinois Act. It's got a new title. It's a whole new enactment from what had been in the prior statute, which is what was put in the back of their original brief. And through the miracles of West publishing, which I don't purport to understand or necessarily agree with much of the time, if you go to 1114.7 in the act, you'll find that this is the act which added the language that has the exception when the landowner is paid with funds or there's remuneration, and then there's a duty of ordinary care. But when they enacted this change, they left in all of the other language about notwithstanding any other law to the contrary. So the question becomes, if this was intended to take that provision out, why is it still in there? So... In a nutshell, we think 1427G is clear on its face. The language is notwithstanding any other law. That would mean notwithstanding the premises liability law. That would mean notwithstanding any other provision in the same act. It's a freestanding provision. I don't know who decided to put it in subparagraph G, but if you go to our brief, page 9, we cite the Illinois Supreme Court's language in the Michigan Avenue National Bank in 2000. When the legislature enacts an official title or heading to accompany a statutory provision, that title or heading is considered only as a shorthand reference to the general subject matter involved and cannot limit the plain meaning of the text. We believe the plain meaning of the text is uncontrovertible. So, how do we apply this to these uncontroverted facts? It's uncontroverted that Tessa Jones, a passenger, was a user. It's also uncontrovertible that my clients, one of my clients' daughter, Maria, was also a user and also an operator. And no, it's uncontroverted that no valuable consideration is paid. So, I don't think we need to get to the rules of statutory construction, but even if we go to the rules of statutory construction, let's see where it takes us. Derogation of the common law. The Premises Liability Act is in derogation of the common law. It changes the common law, but the courts have applied it to carry out the purpose of which it was intended. And the obvious purpose here, as noted by Judge Shiblett, is to relieve farmers of the obligation, and it's mostly farmers, of the obligation of making their farms safe for recreational purposes by ATV users. Because you can't do it. It's a standard that no one can meet. And the other option is you put up No Trespassing signs everywhere and, from my experience in Vietnam, you put up a minefield with some concertina and some other things to put that trespass. Extreme example, but that's what it is. In construing a statute, you don't render any provision meaningless. And that's exactly what the argument here does. It literally takes the entire subparagraph G out of context and meaningless because if we're only going to worry about trespassers, then we don't need this at all. Moreover, the language notwithstanding any other law to the contrary is very strong language. And that's why we went to the Snowmobile Act. Because there's another case out there on the ATV statute, but it doesn't discuss statutory intent, so we didn't cite it. But in the Snowmobile Act, the case is discussed that the legislature has implemented a different standard of care for ATV use. And if you apply your common sense and your original experience, I think it's pretty obvious why. Because ATV users and snowmobilers tend to run roughshod over property and then they hurt themselves because they're acting recklessly and they sue the landlord. The overall legislative intent, if you look at the entire act, is to legislate and regulate snowmobile act, or excuse me, ATV activity, including liability of landowners. The Allendorf case is interesting because in Allendorf, the site of the pleading, as I recall, in Allendorf it was pleaded that the farm worker resided on the farm. So he was an occupant of the farm. And he was working in that capacity on the farm. So he is an occupant by way of pleading. I don't know how the proof ever turned out in that case, but Allendorf doesn't apply. The 10-acre tract where this occurred, I hate this because it sounds like a huge farming thing, but my clients, there were actually four steps that were sued. Four children are on the title of this property, not just George and his brother. George and his brother Bill were actively farming the farm, but there were two sisters who were also partners in it. And if you look at the entire operation, and this is in the affidavits that were attached, there's 2,000 acres, some of it's owned by their mother, some of it's held in a family trust. It's a big family farm operation, but no one resides on each of those fields. So as we analyzed the case, Maria Steck herself was at best, there's evidence that she didn't have permission to go out there. She should have known better, but that's not what we're here about. Even assuming that she's not a trespasser, at most she's a social guest with permission to be on the property. And her passenger, who's the plaintiff, is the guest of the guest. They're both, neither one of them are occupants of the property or in control of the property. They are both, quote, others. I'm using the words of the statute. So we think the legislative intent is very clear, the statutory language is clear, and the material facts are not contested. Therefore, summary judgment was appropriate for almost precisely the reasons the judgeship stated in its original order. Does the court have any questions? I don't think so. Thank you. Thank you, Mr. Robertson. Mr. Cassidy, and your opponent. Just briefly address a couple of the points that were made. Counsel argued that if you apply this to 14.7G, all non-trespassers, then it means nothing. In his argument, he's suggesting that you must interpret it to create the greatest change in the common law. That's contrary to rules of textual construction. And I think the best example is the Premises Liability Act. The Premises Liability Act, which says the duty owed to entrance on the land is one of reasonable care, didn't change the common law at all. The first sentence changed the distinction between an invitee and a licensee, but then it simply codified the common law. So to suggest that if that's the interpretation of this statute of the rules of textual construction must be rejected is just not supportive of the law. Counsel then argued that it must be a person in control to not be another. But there's nothing in the statute which suggests that, nor is there anything in the Allendorf opinion which suggests that it must be in control. And I would submit to you that an occupant, which is the word used in the statute, is not necessarily in control. The plaintiff in Allendorf, although a farm employee, there was no analysis as to whether or not he was in control of the land. What the court ruled was he had a right to be on the land. So I would submit that control, there's just no support for that in the language of the statute. Then counsel argues that 1427G is a freestanding provision. Well, that turns the rules of statutory construction completely on their head. It's contrary to the rules of statutory construction, which requires that the statute be read as a whole and not in isolated provisions. So counsel's arguing here is pull it out. It stands all by itself. And I submit to you that if the legislative intent was to have that stand all by itself as a blanket immunity, it would not be part of a statute which starts, not the title, but the first sentence, says illegal operation of ATVs. It would have been made part of the premise of liability somewhere else where it could be freestanding. Then counsel argues about Tessa Jones being a user even though she's a passenger. When you look at the rationales for the statute, and this was acknowledged by the trial court, it's based on the rationale that ATV users are out there looking for excitement. They know they're going to be on rough terrain. They like this. They're basically accepting the risk. Well, that rationale could not possibly apply to Tessa Jones, who was on an ATV, had no idea where she was going, and was taken onto this land by a family member of the owner of it. So I simply cannot agree with the conception of the term use here. And finally, counsel argues that a further rationale is that same ATV user, they're looking for excitement, they run roughshod over people's property, then they get injured, and they sue the landowner. Well, that rationale doesn't apply to the daughter of the landowner who was going to be out there. So again, it just doesn't fit. There's unique circumstances in this case, and it all turns on the fact that the ATV was being operated by Maria Scott. Can I interrupt you? Of course. You said that the duty doesn't apply to... Can you repeat your last statement? The duty doesn't apply to an occupant, I think. But you're not suing Maria. No, I don't believe     I'm saying occupants not necessarily the landowner, but the landowner is not necessarily the landowner. And I'm not saying the landowner is not necessarily the occupant. I'm arguing that Maria doesn't have control, where there's an argument that there must be control. Okay, so if Maria doesn't have control, you're saying Maria doesn't have control, but she is an occupant. Isn't that your argument? I'm not arguing that she's an occupant.    family member of the property. And again, I give the example of the little property that was on the property that was on the property that was on the property that was on the property. I own that type of town or anybody else. My children are an occupant of my residence. I own this other. She's an occupant of her father's home which is across the farm field leading to the levee. So, again, in terms of I believe the Avalon Court opinion indicates that in fact, what the Avalon Court opinion said is he had a right to be on the property and therefore was an occupant under the statute. There wasn't a lot of further analysis of that connection. I'm just reading the statute and it says occupant which you're saying Maria was an occupant of premises owes no duty of care to keep premises safe and maybe I'm thinking backwards. So clarify me. Help me. Respectfully, I think you think you're reading it backwards. Unlike the family, we shouldn't  on owner, occupant, lessee, I think was the other word. The word that must be focused on is others. Those three words, owner, occupant, licensee, talks about who has the duty but then it talks about for use by others and that's where the argument is that the member of this family cannot be considered an other under the terms of this statute. If she cannot be considered an other then you are arguing she is an occupant. I'm arguing she had a right to be on the property and the person had a right to be on the property but cannot be considered an other. I think this matter under advisement depends on the position presented today. Thank you for